1

2

3

4

5                     **UNITED STATES DISTRICT COURT**

6                     **EASTERN DISTRICT OF CALIFORNIA**

7

8    DOMINIC ESQUIBEL,                          CASE NO. 1:14-CV-1702 SMS

9                     Plaintiff,

10          v.                                   ORDER GRANTING DEFENDANTS'
                                                 MOTION TO DISMISS WITH LEAVE TO
11   UNITED STATES OF AMERICA; UNITED           AMEND
     STATES DEPARTMENT OF THE
12   INTERIOR; NATIONAL PARK SERVICE;
     SEQUOIA AND KINGS CANYON
13   NATIONAL PARKS; AND DOES 1 to 50,          (Doc. 11)

14                    Defendants.

15

16          Plaintiff Dominic Esquibel brings this action in response to his arrest outside of Sequoia

17   National Park in December 2012. Defendants collectively move to dismiss the complaint. Plaintiff

18   concedes most of Defendants' arguments and requests leave to file a proposed amended

19   complaint, attached to his opposition. For the following reasons, Defendants' motion will be

20   granted with leave to amend, but not as proposed.

21          I.      BACKGROUND

22          Plaintiff alleges in his complaint and proposed amended complaint that he was unlawfully

23   and violently arrested near the entrance of Sequoia National Park on December 22, 2012. Plaintiff

24   alleges that an entrance gate kiosk employee yelled at him to move his car from a handicapped

25   parking space. Plaintiff alleges that the kiosk employee called the park rangers and lied to them in

26   order for them to arrest Plaintiff and move him from the parking space, which the kiosk employee

27   wished to reserve. Plaintiff alleges two park rangers arrived and also yelled at Plaintiff, questioned

28   him, threatened him, and eventually one park ranger, identified as Ranger Parker, stated that

Plaintiff was under arrest and placed him in handcuffs. Ranger Parker told Plaintiff's wife that Plaintiff was being taken to jail in Fresno and the car was being impounded. Ranger Parker kicked Plaintiff's feet apart and frisked him. Ranger Parker placed Plaintiff in the back of the rangers' vehicle for about fifteen minutes, while the Ranger Parker discussed with the kiosk employee what had occurred. Ranger Parker told the other ranger that the kiosk employee had lied in order to move Plaintiff from the parking space. Plaintiff was released and issued a citation for failure to follow a lawful order. This arrest was particularly difficult and painful for Plaintiff because he wore an exoskeleton on his right leg and had surgery on his right arm, as a result of injuries sustained in combat in Afghanistan.  Plaintiff had a handicapped parking permit and was lawfully parked in the parking space. He acted respectfully and cooperatively during and before the arrest although Plaintiff was hard of hearing and could not easily place his hands behind his back.

On October 29, 2014, Plaintiff filed his complaint in this Court alleging physical injury and emotional distress against the United States, the U.S. Department of the Interior, the U.S. National Park Service, and Sequoia and Kings Canyon National Parks. He also seeks damages against certain federal employees, but is unaware of their names. Plaintiff brought two claims under 42 U.S.C. § 1983 ("1983") and six tort claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2674 *et seq*.

Defendants moved to dismiss the 1983 claims because the statute does not provide a right of action against the federal government, its agencies, or its officers. Defendants also moved to dismiss the FTCA claims as to all defendants other than the United States, the only proper party for money damages for actions of federal employees while acting with the scope of their employment. Plaintiff conceded these points and requested leave to file an attached amended complaint, which removes the 1983 claims, but haphazardly adds *Bivens* language, without specifically alleging a *Bivens* claim. Defendants argue that the proposed amendment is futile.

II.   LEGAL STANDARD

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

1   *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Court may dismiss a complaint for

2   failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

3        To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state

4   a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

5   (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw

6   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

7   556 U.S. 662, 663 (2009).  "The plausibility standard is not akin to a 'probability requirement,'

8   but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting*

9   *Twombly*, 550 U.S. at 556). While factual allegations are accepted as true, legal conclusions are

10   not. *Iqbal*, 556 U.S. at 678.

11        Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

12   relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must

13   set forth "the grounds of his entitlement to relief," which "requires more than labels and

14   conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555-56

15   (*internal quotation marks and citations omitted*).

16        To the extent that the pleadings can be cured by the allegation of additional facts, the

17   plaintiff should be granted leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern California*

18   *Collection Service Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*citations omitted*). However, a court

19   may deny leave to amend due to futility or legal insufficiency if the amendment would fail a

20   motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.

21   1988).

22       III.    DISCUSSION

23          A.  <u>1983 Claims</u>

24        Section 1983 provides a right of action against individuals acting under color of state law.

25   42 U.S.C. § 1983. It does not provide a right of action against federal actors. Plaintiff has only

26   alleged actions by federal actors; therefore, his 1983 claims will be dismissed. It seems from

27   Plaintiff's proposed amendment that he seeks to convert his 1983 claims to *Bivens* claims. *Bivens*

28   provides a private right of action for civil rights violations by federal actors, and is considered a

1   counterpart to 1983 actions. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of*

2   *Narcotics*, 403 U.S. 388, 392-97 (1971); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

3        Plaintiff has pled sufficient facts which, if accepted as true, state a plausible claim that

4   federal officers violated his Fourth Amendment rights. Plaintiff alleges that a federal park ranger

5   arrested him without basis to do so. However, as proposed, Plaintiff's *Bivens* claim or claims are

6   unclear, fragmented, and insufficiently specific to pass Rule 8's pleading requirements. *See* FRCP

7   8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In particular, it is not clear from Plaintiff's

8   proposed amendment which federal actors Plaintiff believes violated his constitutional rights in

9   their individual capacities. Plaintiff also alleges that his Fifth Amendment rights were violated, but

10   does not plead facts to support a Fifth Amendment violation. It is not entirely clear that Plaintiff

11   even wishes to proceed against any federal actor in his or her individual capacity with a *Bivens*

12   claim. Plaintiff has removed the civil rights cause of action from the caption page and indicates in

13   his opposition that he does not object to the dismissal of all defendants other than the United

14   States; yet, the proposed amendment makes several references to *Bivens* and argues that he is

15   entitled to damages against individual federal employees. Hence, Plaintiff will not be permitted to

16   file his proposed amended complaint, but Plaintiff will be granted leave to amend his 1983 claims

17   in order to properly plead a *Bivens* claim. If he wishes to plead a *Bivens* claim, Plaintiff is advised

18   to research the proper parties and elements to the cause of action in order to avoid further

19   dismissal. Plaintiff is not required to add a *Bivens* claim.

20        B.   Tort Claims

21        Pursuant to the FTCA, the United States is the only proper party to suits for "injury […]

22   resulting from the negligent or wrongful act or omission of any employee of the Government

23   while acting within the scope of his office or employment." *See* 28 U.S.C. § 2674, 2679(a)-(b).

24   Hence, Defendants' motion to dismiss Plaintiff's third through eighth causes of action as to all

25   defendants other than the United States will be granted without leave to amend. Plaintiff is not

26   permitted to seek attorney's fees against the government for these claims. "[A] waiver of

27   sovereign immunity in the FTCA 'is to be construed narrowly so that the government is never held

28   liable for a plaintiff's attorney fees.'" *Anderson v. United States*, 127 F.3d 1190, 1191-1192 (9th

Cir. 1997) (*quoting Jackson v. United States*, 881 F.2d 707, 712 (9th Cir. 1989)).

IV.    ORDER

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED with leave to amend. Plaintiff may file an amended complaint in accordance with this order within thirty (30) days of entry of this order. If Plaintiff does not file an amended complaint within thirty (30) days of entry of this order, this case will proceed on Plaintiff's third through eighth causes of action only, and only as against the United States.

IT IS SO ORDERED.

Dated:   **April 1, 2015**                          **/s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE