UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC ESQUIBEL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE; SEQUOIA AND KINGS CANYON NATIONAL PARKS; AND DOES 1 to 50,<br><br>    Defendants. | CASE NO. 1:14-CV-1702 SMS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE<br><br>(Doc. 23) |

Plaintiff Dominic Esquibel's first amended complaint ("FAC") brings six tort causes of action under the Federal Tort Claims Act ("FTCA" 28 U.S.C. § 1346(b)) in response to his arrest outside of Sequoia National Park in December 2012. Defendants collectively move to dismiss and strike portions of the FAC that request attorney's fees, punitive damages, and a trial by jury as barred by law. Plaintiff only opposes the motion to strike his demand for jury trial. For the following reasons, Defendants' motion will be granted.

I.  BACKGROUND

In Plaintiff's original complaint, he alleged that he was unlawfully and violently arrested near the entrance of Sequoia National Park in December 2012. Plaintiff alleges that an entrance gate kiosk employee harassed him while he was lawfully parked in a handicapped parking space. Later, a park ranger arrived, violently arrested and frisked him, placed him in the ranger vehicle for about fifteen minutes, and released him with a citation for failure to follow a lawful order. Plaintiff alleged that he heard the park ranger say that the kiosk employee had lied in order to

move Plaintiff from the parking space because she wished to reserve it for someone else.

Plaintiff brought his original complaint against the United States, the U.S. Department of the Interior, the U.S. National Park Service, and Sequoia and Kings Canyon National Parks. He also sought damages against certain federal employees, but was unaware of their names. Plaintiff brought two claims under 42 U.S.C. § 1983 ("section 1983") and six tort claims pursuant to the "FTCA"

Defendants moved to dismiss Plaintiff's original complaint on the grounds that section 1983 does not provide a right of action against the federal government, its agencies, or its officers. Defendants also moved to dismiss the FTCA claims as to all defendants other than the United States, the only proper party for money damages for actions of federal employees while acting with the scope of their employment. Plaintiff conceded these points. The Court granted Defendants' motion to dismiss Plaintiff's original complaint with leave to amend in order to convert the 1983 claim into a *Bivens* claim (pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)) in order to maintain a claim against a federal actor. Doc. 20 at 3:27-4:1, 4:16-19.  The Court also noted, "Pursuant to the FTCA, the United States is the only proper party to suits for 'injury […] resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Doc. 20 at 4:21-23. The Court dismissed Plaintiff's six tort causes of action as to all defendants other than the United States without leave to amend. Doc. 20 at 4:24-25.

Plaintiff filed his first amended complaint, which alleges six tort claims under the FTCA. Doc. 22. There are no claims brought against any individual actor. Defendants now move to dismiss Plaintiff's requests for attorney's fees and punitive damages, which Plaintiff does not oppose. Defendants also move to strike Plaintiff's demand of trial by jury as barred by law. Plaintiff argues that he believes the entrance kiosk employee committed separate tort acts that are not covered by the FTCA. However, he does not know the name of the kiosk employee and would like to conduct discovery and amend the complaint to add a proper cause of action against her and preserve his right for a jury trial. Doc. 24, FAC at 2:3-11.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be granted leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*citations omitted*). However, a court may deny leave to amend due to futility or legal insufficiency if the amendment would fail a motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## III. DISCUSSION

Plaintiff's claims for attorney's fees and punitive damages against the government are barred by law. *Anderson v. United States*, 127 F.3d 1190, 1191-1192 (9th Cir. 1997)("[A] waiver of sovereign immunity in the FTCA 'is to be construed narrowly so that the government is never held liable for a plaintiff's attorney fees.'"); 28 U.S.C. § 2674 ("The United States […] shall not be liable […] for punitive damages."). These claims will be dismissed without leave to amend.

Plaintiff's request for a jury trial is also barred by law. "[A]ny action against the United States under section 1346 […] shall be tried by the court without a jury […]." 28 U.S.C. § 2402. All FTCA actions are tried to the court without a jury. *Liebsack v. United States*, 540 Fed. Appx. 640, 642 fn. 1 (9th Cir. 2013).

As mentioned, the Court's prior order on Defendants' motion to dismiss the original

complaint found that, pursuant to the FTCA, "the United States is the only proper party to suits for 'injury […] resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Doc. 20 at 4:21-23. Plaintiff's FAC alleges assault, battery, false imprisonment, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. See Doc. 22. Each of these causes of action alleges injury resulting from the negligent or wrongful act or omission of U.S. government employees and is explicitly brought "pursuant to the FTCA." Plaintiff specifically alleges in his FAC that "[a]ll federal employees, including the Entrance Kiosk Employee, […] were employees of Defendant [United States of America] and acting in their official governmental employee capacity at all times alleged herein." Doc. 22 at 2:17-19.

As pled, Plaintiff has not stated any grounds on which he is permitted to demand a trial by jury. He has alleged six tort causes of action against the United States, against which the action must be tried without a jury. Plaintiff's argument that he intends to amend the complaint in order to allege a tort action against the kiosk employee is unsustainable because he has also alleged that the kiosk employee was acting within the scope of her federal employment at all relevant times, and any such action is precluded by the FTCA. Leave to amend in order to allege a tort claim against the kiosk employee would be futile. Hence, Plaintiff's demand for jury trial will be stricken. Should Plaintiff desire to amend his complaint, he must first file a motion requesting the same.

IV.  ORDER

For the foregoing reasons, Defendants' motion to dismiss and motion to strike portions of Plaintiff's first amended complaint is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated:  **July 1, 2015**              **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE