BENJAMIN B. WAGNER
United States Attorney
BENJAMIN E. HALL
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC ESQUIBEL,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | **Case No. 1:14-cv-01702-SMS**<br><br>**UNITED STATES OF AMERICA'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant, United States of America, hereby answers the First Amended Complaint ("Complaint," ECF No. 22) of Plaintiff, Dominic Esquibel.  The United States denies each and every allegation not specifically admitted.  Responding to the numbered paragraphs of the Complaint, the United States answers as follows:

## I.     INTRODUCTION

1.     Paragraph 1 of the Complaint consists of a conclusion of law to which no response is required.

## II.     JURISDICTION AND VENUE

2.     Paragraph 2 of the Complaint consists of a conclusion of law to which no response is required.

///

3. Paragraph 3 of the Complaint consists of a conclusion of law to which no response is required.

### III. PARTIES

4. The United States lacks sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint and on that basis denies them.

5. Paragraph 5 of the Complaint consists of conclusions of law to which no response is required.

6. Answering paragraph 6, the United States admits that the park personnel whose interactions with Plaintiff on December 22, 2012, are the subject of the Complaint acted within the course and scope of their employment at the time of the events alleged in the Complaint. The remainder of paragraph 6 consists of conclusions of law to which no response is required.

7. Paragraph 7 of the Complaint consists of a statement of intent to which no response is required.

8. The United States lacks sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint and on that basis denies them.

9. The United States admits that on December 22, 2012, plaintiff drove to the entrance of Kings Canyon National Park in California. The United States lacks sufficient information to admit or deny the remaining allegations contained in paragraph 9 and on that basis denies them.

10. Answering paragraph 10, the United States admits that a uniformed employee informed plaintiff that because his vehicle did not have tire chains, he was required to make a U-turn around the kiosk and exit the park. The United States denies the remaining allegations.

11. Answering paragraph 11, the United States admits that plaintiff made a U-turn around the kiosk but, contrary to the instructions of the park employee, proceeded to park his vehicle in a clearly marked employee parking lot. The United States denies the remaining allegations.

12. Answering paragraph 12, the United States admits that the park employee told plaintiff that he could not park in the employee parking lot. The United States denies the remaining allegations.

///

13. Answering paragraph 13, the United States admits that the park employee contacted law enforcement by radio. The United States denies the remaining allegations.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Answering paragraph 18, the United States admits that Ranger Parrack informed plaintiff that he was under arrest. The United States denies the remaining allegations.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Answering paragraph 24, the United States admits that Ranger Parrack placed plaintiff in the rear seat of a patrol vehicle. The United States denies the remaining allegations.

25. Denied.

26. Answering paragraph 26, the United States admits that plaintiff spent approximately fifteen minutes in the rear seat of a patrol vehicle. The United States denies the remaining allegations.

27. Denied.

28. Answering paragraph 28, the United States admits that Ranger Parrack removed plaintiff from the patrol vehicle, removed his handcuffs, and issued plaintiff a citation for failure to obey a lawful order.

29. Admitted.

30. Admitted.

## V.   FIRST CAUSE OF ACTION
## ASSAULT PURSUANT TO THE FTCA

31. The United States incorporates its responses to paragraphs 1-30.

1     32.     Denied.

2     33.     Denied.

3     34.     Denied.

4     35.     Paragraph 35 of the Complaint consists of conclusions of law to which no response is required.

6     36.     Plaintiff's claim for attorneys' fees under EAJA has been dismissed.

## VI.   SECOND CAUSE OF ACTION
## BATTERY PURSUANT TO THE FTCA

9     37.     The United States incorporates its responses to paragraphs 1-36.

10     38.     Denied.

11     39.     Denied.

12     40.     Denied.

13     41.     Denied.

14     42.     Paragraph 42 of the Complaint consists of conclusions of law to which no response is required.

16     43.     Plaintiff's claim for attorneys' fees under EAJA has been dismissed.

## VII.   THIRD CAUSE OF ACTION
## FALSE IMPRISONMENT PURSUANT TO THE FTCA

19     44.     The United States incorporates its responses to paragraphs 1-43.

20     45.     Denied.

21     46.     Denied.

22     47.     Denied.

23     48.     Paragraph 48 of the Complaint consists of conclusions of law to which no response is required.

25     49.     Plaintiff's claim for attorneys' fees under EAJA has been dismissed.

## VIII.   FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: PURSUANT TO THE FTCA

28     50.     The United States incorporates its responses to paragraphs 1-49.

51. Denied.

52. Denied.

53. Paragraph 53 of the Complaint consists of conclusions of law to which no response is required.

54. Plaintiff's claim for attorneys' fees under EAJA has been dismissed.

## IX.   FIFTH CAUSE OF ACTION

## NEGLIGENCE: PURSUANT TO THE FTCA

55. The United States incorporates its responses to paragraphs 1-54.

56. Paragraph 56 of the Complaint consists of conclusions of law to which no response is required.

57. Paragraph 57 of the Complaint consists of conclusions of law to which no response is required.

58. Paragraph 58 of the Complaint consists of conclusions of law to which no response is required.

59. Answering paragraph 59, the United States admits that the park personnel whose interactions with plaintiff on December 22, 2012, are the subject of the Complaint acted within the course and scope of their employment at the time of the events alleged in the Complaint.  The remainder of paragraph 59 consists of conclusions of law to which no response is required.

60. Denied.

61. Denied.

62. Paragraph 62 of the Complaint consists of conclusions of law to which no response is required.

63. Plaintiff's claim for attorneys' fees under EAJA has been dismissed.

## X.   SIXTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS: PURSUANT TO THE FTCA

64. The United States incorporates its responses to paragraphs 1-63.

65. Denied.

///

1  66. Paragraph 66 of the Complaint consists of conclusions of law to which no response is required.

2  67. Denied.

3  68. Denied.

4  69. Denied.

5  70. Denied.

6  71. Plaintiff's claim for attorneys' fees under EAJA has been dismissed.

7  72. Paragraph 72 of the Complaint consists of conclusions of law to which no response is required.

## XI. JURY TRIAL DEMANDED

73. Plaintiff's demand for trial by jury has been stricken.

## XII. PRAYER FOR RELIEF

Answering plaintiff's prayer for relief, the United States denies that plaintiff is entitled to the relief requested, or to any relief.

## FIRST AFFIRMATIVE DEFENSE

(Administrative Claim Limitation)

Plaintiff's damages, if any, are limited to the amounts set forth in plaintiff's administrative claim. 28 U.S.C. § 2675(b).

## SECOND AFFIRMATIVE DEFENSE

(Apportionment)

Any liability on the part of the United States for non-economic damages is governed by California Civil Code sections 1431-1431.5, and must be apportioned according to the responsibility of all tortfeasors, named or unnamed.

## THIRD AFFIRMATIVE DEFENSE

(No Prejudgment Interest)

Plaintiff cannot recover any amount for prejudgment interest under the FTCA. 28 U.S.C. § 2674.

///

#### FOURTH AFFIRMATIVE DEFENSE
(42 U.S.C. § 233(k))

Any recovery by plaintiff is subject to the availability of Congressionally appropriated funds.

#### FIFTH AFFIRMATIVE DEFENSE
(No Attorney's Fees)

Plaintiff cannot recover any separate amount for attorney's fees in this action. 28 U.S.C. 2412(d)(1)(A). Any attorney's fees are capped by the FTCA and must be paid out of any judgment awarded. 28 U.S.C. § 2678.

#### SIXTH AFFIRMATIVE DEFENSE
(No Right to Jury Trial)

Plaintiff's claims are triable only to the Court, sitting without a jury. 28 U.S.C. § 2402.

#### SEVENTH AFFIRMATIVE DEFENSE
(Plaintiff's Negligence/Comparative Fault)

The injuries and/or damages plaintiff alleges to have incurred are the result of plaintiff's own negligence and failure to exercise due care, and plaintiff is therefore barred from obtaining any recovery. Alternatively, any recovery to which plaintiff would otherwise be entitled must be reduced on a pro rata basis to the extent of plaintiff's comparative fault.

#### EIGHTH AFFIRMATIVE DEFENSE
(No Right to Punitive Damages)

Plaintiff's claim for punitive damages is barred by 28 U.S.C. § 2674 and has been dismissed by the Court.

#### NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's recovery, if any, must be reduced to the extent plaintiff failed to mitigate damages.

///
///
///
///

## TENTH AFFIRMATIVE DEFENSE

(Damages Contested)

The United States contests the amounts, necessity, reasonableness and relatedness of any monetary or special damages for which plaintiff seeks relief in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

The United States reserves the right to assert additional affirmative defenses as their applicability is discovered throughout this action.

WHEREFORE, the United States prays that:

1. Plaintiff take nothing by way of the Complaint;
2. This Court dismiss the Complaint with prejudice;
3. Judgment be awarded in favor of the United States, together with costs of suit; and
4. The Court award such other relief as it finds just and proper.

Respectfully submitted,

Dated:  July 27, 2015

BENJAMIN B. WAGNER
United States Attorney

 /s/ Benjamin E. Hall
BENJAMIN E. HALL
Assistant U.S. Attorney
Attorney for Defendant
United States of America