MCGREGOR W. SCOTT
United States Attorney
BENJAMIN E. HALL
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC ESQUIBEL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | **Case No. 1:14-cv-01702-SKO**<br><br>**ORDER DENYING THE PARTIES' STIPULATED REQUEST FOR MODIFICATION OF CASE SCHEDULE**<br><br>(Doc. 49) |

## I.　BACKGROUND

On February 7, 2019, the Court held a telephonic hearing regarding the parties' "Stipulation for Modification of Case Schedule" (the "Stipulation"). (Doc. 49.) Plaintiff Dominic Esquibel ("Plaintiff") appeared telephonically through his counsel Butch Wagner, Esq. Defendant United States of America, ("Defendant") appeared through its counsel Benjamin Hall, Esq.

The Stipulation states that on February 6, 2019, Plaintiff's counsel informed defense counsel of "new developments . . . in the medical evaluation and treatment of Plaintiff, including planned surgeries," which would be the subject of additional opinions offered by Plaintiff's retained expert witness. (Doc. 49 ¶ 2.) The parties agreed that Defendants are entitled to conduct discovery regarding these "new developments," including obtaining additional medical records, conducting additional depositions, and potentially disclosing additional expert witnesses. The parties proposed

1

that the trial date, currently set for February 20, 2019, be vacated and a new schedule be set to allow time for discovery regarding these "new developments."

Rule 16(b)(4) of the Federal Rules of Civil Procedure requires a showing of "good cause" to modify a scheduling order in a case, and Rule 16(e) permits the modification of a pretrial order only "to prevent manifest justice." Here, as discussed with parties, and set forth on the record, the Stipulation fails to meet these requisite standards to warrant continuing the trial, particularly given that the current trial date is less than three weeks away. This case has been pending since October 29, 2014 (*see* Doc. 1), and the trial date has been continued two times, as recently as July 2, 2018 (*see* Docs. 38, 43). The parties must provide the Court with more than vague representations of "new developments" to satisfy their high burden of continuing the trial to "prevent manifest injustice." The Stipulation in its current form is therefore DENIED.

The Court also noted during the hearing that pursuant to the Court's Pretrial Order issued December 27, 2018 (Doc. 46), both parties' trial briefs were due by February 6, 2018, and as of the time of the hearing, Plaintiff had not filed a trial brief. Plaintiff shall show cause in writing by 12:00 p.m. tomorrow, February 8, 2019, why sanctions should not be imposed, due to his failure to follow the Court's Pretrial Order. Plaintiff may discharge this Order to Show Cause by filing a trial brief in accordance with the Pretrial Order, as specified above, by no later than 12:00 p.m. February 8, 2019.

## II.  ORDER

In accordance with the foregoing, is it HEREBY ORDERED that:

1. Plaintiff show cause in writing by 12:00 p.m. tomorrow, February 8, 2019, why sanctions should not be imposed, due to his failure to follow the Court's Pretrial Order. Plaintiff may discharge this Order to Show Cause by filing a trial brief in accordance with the Pretrial Order.
2. The Stipulation is DENIED. This denial is WITHOUT PREJUDICE subject to renewal of the request to modify the trial schedule, as set forth below.
3. To the extent Plaintiff wishes to renew his request to continue the trial date, he SHALL, by no later than 4:00 p.m. on February 8, 2019, file a written motion articulating why the Pretrial Order should be modified (and the trial continued) to

"prevent manifest injustice." This motion shall be supported by at least two declarations and substantiating documentation such as medical records, as follows:

(1) A declaration from Plaintiff's counsel setting forth when he became aware of Plaintiff's new medical developments, what specific information he received from Plaintiff, what efforts he has made to substantiate Plaintiff's new medical developments, and why this information satisfies the required standard to modify the Pretrial Order.

(2) A declaration from Plaintiff setting forth the date or dates of his medical appointment(s), when he became aware of the new developments in his medical condition as set forth in the Stipulation, and the information provided by his treatment providers at the appointment(s), including the estimated date(s) for additional surgeries.

To the extent the information required by this Order includes information of a sensitive nature, it shall be filed under seal.

IT IS SO ORDERED.

Dated: **February 7, 2019**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE